**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

DENNIS WAYNE BROOKS,

                Plaintiff,

v.                                                    Case No. 17-10398

ANDREW CARLSON, *et al.,*

                Defendants.

_____/

## OPINION AND ORDER SUMMARILY DISMISSING THE COMPLAINT

This matter has come before the court on plaintiff Dennis Wayne Brooks' *pro se*

civil rights complaint under 42 U.S.C. §§ 1983, 1985, and 1986. (Dkt. #1.) Plaintiff is a

state prisoner at West Shoreline Correctional Facility in Muskegon, Michigan.

The Defendants are: Andrew Carlson, a detective for the City of Saginaw,

Michigan; Nancy Beagle, a parole and probation agent; Richard A. Riebschlegea, a

parole and probation supervisor for the State of Michigan; Robert L. Kaczmarek, a state

judge in Saginaw, Michigan; Floyd P. Kloc, a licensed attorney in Michigan; and

Latashia Jackson, Tracy Boswell, Lonnae Jackson, Ospira Cooper, and Virgil Sangster,

who are private citizens residing in Michigan. Plaintiff sues the Defendants in their

personal and official capacities for money damages.

## I. BACKGROUND

In his statement of facts, Plaintiff alleges that the five private citizens named as

Defendants in this action have accused him of criminal sexual conduct. According to

him, Latashia Jackson and Tracy Boswell have said that he sexually penetrated them

when they were children, and Defendant Virgil Sangster has said that he saw Plaintiff engaging in sexual activity with Ms. Boswell. Additionally, he alleges that Lonnae Jackson and Ospira Cooper have accused Plaintiff of sexually abusing them when they were teenagers.

Plaintiff claims that the three-year statute of limitations for criminal sexual conduct expired before he was charged with the crime and that retroactive application of a recent law which revives time-barred prosecutions violated his rights under the *Ex Post Facto* Clause of the Constitution. Plaintiff also claims that the defendants provided false statements about him, gave perjured testimony, introduced false evidence against him, and conspired to convict him in violation of his right to due process. The court has granted Plaintiff permission to proceed without prepaying the fees and costs for this action. (Dkt. #3.)

## II. STANDARD

Under the Prison Litigation Reform Act of 1996, federal district courts must screen an indigent prisoner's complaint and dismiss the complaint if it is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

Finally, to prevail on a claim under § 1983, a plaintiff must prove two elements: "(1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014).

### III. ANALYSIS

### A. *Heck v. Humphrey*

Plaintiff's allegations are frivolous and fail to state a claim because they challenge his state conviction and sentence of seven and a half to fifteen years in prison for criminal sexual conduct. In *Heck v. Humphrey*, the Supreme Court explained:

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A

claim for damages bearing that relationship to a conviction or sentence
that has *not* been so invalidated is not cognizable under 1983.

512 U.S. 477, 486-87 (1994) (footnote omitted) (emphasis in original). As discussed in

*Wilkinson v. Dotson*, *Heck* and subsequent Supreme Court cases:

> taken together, indicate that a state prisoner's § 1983 action is barred
> (absent prior invalidation)—no matter the relief sought (damages or
> equitable relief), no matter the target of the prisoner's suit (state conduct
> leading to conviction or internal prison proceedings)—*if* success in that
> action would necessarily demonstrate the invalidity of confinement or its
> duration.

544 U.S. 74, 81-82 (2005) (emphasis in original).

Plaintiff has not alleged that his conviction was invalidated by state officials or

impugned by a federal court on habeas corpus review, and success in this action would

demonstrate the invalidity of Plaintiff's conviction and imprisonment. Thus, his challenge

to his state conviction is not cognizable in this civil rights action. *Heck*, 512 U.S. at 487;

*Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004).

## B. Additional Grounds for Dismissal

Besides raising a non-cognizable claim in his lawsuit, Plaintiff has named several

Defendants who are not alleged to have acted under color of state law or who are

immune from suit. Judges, for example, enjoy immunity from suit. *Mireles v. Waco*, 502

U.S. 9, 11 (1991).

> [O]ur cases make clear that the immunity is overcome in only two sets of
> circumstances. First, a judge is not immune from liability for nonjudicial
> actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a
> judge is not immune for actions, though judicial in nature, taken in the
> complete absence of all jurisdiction.

*Id.* at 11-12 (citations omitted).

4

The court takes judicial notice from the State Bar of Michigan directory that Defendant Robert L. Kaczmarek is a state circuit court judge in Saginaw, Michigan. As a circuit court judge, Judge Kaczmarek had jurisdiction over Plaintiff's case,[1] and he would have been acting in his judicial capacity when he presided over Plaintiff's trial. Therefore, he enjoys immunity from Plaintiff's suit for money damages.

It is unclear from the complaint whether Defendant Floyd P. Kloc was the prosecutor or Defense attorney in Plaintiff's criminal case. If he was the prosecutor, he enjoys immunity from suit for actions that were "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Id.* If Kloc was the defense attorney, he must be dismissed from this lawsuit because "[d]efense attorneys, whether compensated by the State or retained by a client, do not act under color of state law when they perform a lawyer's traditional functions as counsel to the accused in a criminal proceeding." *Floyd v. Cty. of Kent*, 454 F. App'x, 493, 497 (6th Cir. 2012) (citing *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981)).

The complaint indicates that Defendants Latashia Jackson, Tracy Boswell, Lonnae Jackson, Ospira Cooper, and Virgil Sangster are private citizens who provided incriminating statements about Plaintiff. They cannot be held liable under § 1983 because they are not state actors, and if they testified against Plaintiff, they enjoy immunity from suit, because "a trial witness has absolute immunity with respect to *any*

---

[1]  In his statement of facts, Plaintiff appears to be describing criminal sexual conduct in the first or third degree. Both of those crimes are felonies, *see* Mich. Comp. Laws §§ 750.520b(2) and 750.520d(2), and "Michigan circuit courts . . . . unquestionably have jurisdiction over felony cases." *People v. Lown*, 794 N.W.2d 9, 23 (2011).

claim based on the witness' testimony." *Rehberg v. Paulk*, 566 U.S. 356, 367 (2012) (emphasis in original); *see also Briscoe v. LaHue*, 460 U.S. 325, 329 (1983) ("§ 1983 does not allow recovery of damages against a private party for testimony in a judicial proceeding").

Plaintiff's allegations of conspiracy under 42 U.S.C. § 1985 fail to state a claim for which relief may be granted because:

> [t]he Supreme Court requires that § 1985 claims contain allegations of "class-based, invidiously discriminatory animus." *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). The class must be based upon race or other "inherent personal characteristics." *Browder v. Tipton*, 630 F.2d 1149, 1150 (6th Cir. 1980).

*Webb v. United States*, 789 F.3d 647, 672 (6th Cir. 2015). Plaintiff has not alleged that the Defendants discriminated against him on the basis of class or some other inherent personal characteristic. Therefore, his § 1985 claim fails.

Plaintiff's claim under 42 U.S.C. § 1986 also fails because "[s]ection 1986 is designed to punish those who aid and abet violations of § 1985." *Browder*, 630 F.2d at 1155. When there is no violation of § 1985, "there can be no violation of § 1986." *Id.*

Finally, Plaintiff's reliance on 18 U.S.C. § 241 (conspiracy against rights) and 18 U.S.C. § 242 (deprivation of rights under color of law) is misplaced because those are criminal statutes. A private individual such as Plaintiff cannot prosecute a criminal action, nor sue in federal court to compel the state or federal government to investigate or prosecute an alleged crime. *Mikhail v. Kahn*, 991 F. Supp.2d 596, 634-35 (E.D. Pa. 2014).

For all the reasons given above, Plaintiff's complaint is frivolous, fails to state a plausible claim for which relief may be granted, and seeks money damages from certain

Defendants who are immune from such relief.  The Court therefore summarily dismisses

the complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). This conclusion is not

one upon which reasonable jurists could disagree. Thus, the Court also certifies that an

appeal from this order would be frivolous and could not be taken in good faith. 28

U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

### IV. CONCLUSION

IT IS ORDERED that Plaintiff's Complaint (Dkt. #1) is DISMISSED. A separate

judgment shall issue.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: March 23, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, March 23, 2017, by electronic and/or ordinary mail.

s/Shawna C. Burns
Case Manager Generalist
(810) 292-6522